IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TINA BRUCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-cv-2734 |
| ) | |
| LEVY PREMIUM FOODSERVICES ) | Judge Marvin E. Aspen |
| LIMITED PARTNERSHIP OF TENNESSEE, ) | |
| and COMPASS GROUP USA, INC., ) | |
| ) | |
| Defendants. ) | |

PLAINTIFF'S MOTION *IN LIMINE* NO. 1
AND MEMORANDUM OF LAW TO EXCLUDE
EVIDENCE OF EEOC FINDINGS OR CONCLUSIONS OF
ANY INTERNAL INVESTIGATIONS CONDUCTED BY DEFENDANT LEVY

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, Plaintiff Tina Bruce moves the Court to exclude evidence or testimony regarding any findings and/or conclusions formed by personnel employed by the EEOC as a result of its investigation of Tina Bruce and Defendant Levy Premium Foodservices, Charge No. 494-2015-02037. Specifically, Plaintiff Bruce requests the Court exclude from evidence the *Dismissal and Notice of Rights* decision issued by the EEOC dated July 29, 2016 (copy attached), or any other findings or conclusions drawn by the EEOC through its investigation.

Secondly, Plaintiff Bruce requests that any attempt by Defendant Levy to offer evidence that it did not discriminate or retaliate against her based its own internal investigation should be excluded from consideration by the jury. Plaintiff contends testimony or evidence regarding any of the above facts, including any negative opinion that might have been formed or expressed by representatives of the EEOC through its investigation, does not have "any tendency to make a fact more or less probable than it would be without the evidence" and none of the testimony "is of consequence in determining the action." See, Fed. R. Evid. 401. The testimony is irrelevant and inadmissible under Fed. R. Evid. 402. The evidence is also inadmissible hearsay.

Also, allowing evidence of any findings or conclusions as a result of Defendant Levy's own internal investigation of no discrimination or retaliation could "confuse the jury into thinking that the issue was already decided." *See Lewis v. City of Chicago*, 590 F.3d 427, 442 (7th Cir. 2009) (affirming district court's exclusion of an EEOC decision and the City of Chicago's internal investigation in a Title VII case). *Also see Young v. James Green Management, Inc.*, 327 F.3d 616, 623-625 (7th Cir. 2003) (affirming decision to exclude EEOC findings from evidence in a jury trial).

If the Court should find that the evidence is relevant to the allegation of retaliation under Title VII, the Court should exclude it from the trial because the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, waste of time or misleading the jury pursuant to Fed. R. Evid. 403. If counsel for Defendant intends to use such evidence from the EEOC investigation, Plaintiff requests the information be first brought to the Court's attention in a jury out hearing. Plaintiff further requests the opportunity to submit a special jury instruction if the Court decides to admit the evidence.

Accordingly, Plaintiff respectfully requests the Court grant this Motion *in Limine* and exclude from evidence any conclusions or findings from the EEOC charge of discrimination, or any internal investigation made by Defendant Levy.

THE LAW OFFICE OF DAVID L. COOPER, PC

_s/ David L. Cooper_
**DAVID L. COOPER,** BPR #11445
208 Third Avenue North, Suite 300
Nashville, TN 37201
Phone: (615) 256-1008
Email: dcooper@cooperlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing **Plaintiff's Motion in Limine No. 1** has been delivered by electronic transmission through the CM/ECF system to **Courtney Leyes, Esq. and Steven Cupp**, FISHER & PHILLIPS, LLP, 1715 Aaron Brenner Drive, Suite 312, Memphis, TN 38120 on this 28th day of January, 2019.

_s/ David L. Cooper_
**DAVID L. COOPER**