# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| TINA BRUCE, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:16-cv-2734 |
| LEVY PREMIUM FOODSERVICES LIMITED PARTNERSHIP OF TENNESSEE, and COMPASS GROUP USA, INC., | ) | Judge Marvin E. Aspen |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE*

Plaintiff Tina Bruce, by and through undersigned counsel, does hereby file this Response to Defendant Levy's motion in limine (Docket Entry No. 65).

**DE 65 – A.** Plaintiff generally agrees with the Defendant's motion in limine as to the witnesses and testimony, but requests the Court reserve final ruling as to whether Plaintiff's counsel may comment on Levy's failure to call a witness until the completion of the evidence and before closing statements.

**DE 65 – B.** Plaintiff does not object to this motion in limine.

**DE 65 – C.** Plaintiff does not object to this motion in limine.

**DE 65 – D.** Plaintiff objects to this motion in limine filed by Defendant Levy. Essentially, the jury should be able to hear testimony both from Plaintiff and Kayla Costley Horvath about the sexual harassment committed by Jacob Caffey, and which forms the basis for the complaints Plaintiff made to Levy's about his conduct. Caffey's sexual harassment and the

complaints made by Plaintiff are highly relevant to Plaintiff's claim of retaliation, because without the underlying events and conduct of Caffey, the jury will simply be left with a sterile version that he committed "some form of sexual harassment." It is part of the *res gestae* of this case, and the jury needs to understand the nature and circumstances of the sexual harassment committed by Mr. Caffey to put this case in its proper perspective. While some of the language used by Mr. Caffey and directed toward Plaintiff and Costley-Horvath is off color, it is not so inflammatory as to prejudice Defendant Levy. The Court could give a limiting instruction that this is not a case of sexual harassment brought by the Plaintiff, but the evidence is simply to be used as a part of Plaintiff's proof to show Defendant Levy intentionally retaliated against her during her employment leading up to her termination on May 5, 2015.

In *Hawkins v. Hennepin Technical Center*, 900 F.3d 153 (8th Cir. 1990), the plaintiff brought a claim of sexual harassment and retaliation under Title VII, after claiming that one of her students and herself were sexually harassed in the workplace. The Eighth Circuit reversed the magistrate judge who excluded from trial "several categories of evidence of sexual harassment of [plaintiff] and others at the Center." *Id.* at 155. "[T]he Court's rulings unfairly prevented Hawkins from proving her case." *Id*. Relying on *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097 (8th Cir. 1988), the *Hawkins* court reasoned that:

> The effects of blanket evidentiary exclusions can be especially damaging in employment discrimination cases, in which plaintiffs must fact the difficult task of persuading the fact-finder to disbelieve an employer's account of its own motives …. Circumstantial proof of discrimination typically includes unflattering testimony about the employer's history and work practices – evidence which in other kinds of cases may well unfairly prejudice the jury against the defendant. In discrimination cases, however, such background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive.

*Hawkins*, 900 F.2d at 155, quoting *Estes*, 856 F.2d at 1103 ("[I]t is not sufficient that the Magistrate allowed testimony that complaints of sexual harassment were made while disallowing testimony concerning the activities complained of…."). 900 F.2d at 156.

*See Hurley v. Atlantic City Police Dept.*, 174 F.3d 95, 111 (3rd Cir. 1999) (Evidence of pervasive sexual harassment makes retaliation claims more credible "because harassers may be expected to resent attempts to curb their male prerogatives.").

Defendant Levy has outlined the "inflammatory" evidence complained of by Plaintiff as to Caffey in fn. 3 of its motion in limine (DE 65, Page ID# 895), which Plaintiff contends is relevant and material to the retaliation claim. The evidence of sexual harassment by Caffey which forms the basis of Plaintiff's complaints to Levy's is relevant under FRE 401, highly probative under FRE 403, and should be admitted. For these same reasons, the documents referenced in Levy's motion in limine as **Exhibit A** should also be admitted.

**DE 65 – E.** Plaintiff agrees that it will not bring up evidence as it relates to age discrimination as to Plaintiff or Eva Bangert.

**DE 65 – F.** Plaintiff does not object to this motion in limine.

**DE 65 – G.** Plaintiff objects to this motion in limine, and believes the Court should allow evidence of retaliation by Tim Halterman as relevant and material. Halterman was Plaintiff's direct supervisor during the 4-5 months leading up to her termination on May 5, 2015. There is evidence from which a jury should hear and consider that Halterman began a campaign of retaliation against Ms. Bruce after she complained of sexual harassment as to Jacob Caffey, and also complained to management about Halterman not doing anything about the original complaints. There is evidence Halterman trumped up false warnings and write-ups which were used by Levy's leading up to Plaintiff's termination on May 5, 2015. The verbal warnings were

at times for attendance issues, but there is proof in the record to present to the jury that Plaintiff engaged in the same conduct <u>before</u> she reported sexual harassment about Caffey, but was never written up or warned about the behavior. This is material evidence a jury could use to determine Levy's intentionally retaliated and discriminated against Plaintiff.

This Court has already considered the relevance of Tim Halterman's actions leading up to Plaintiff's termination as probative on the issue of pretext when it ruled against Levy in its motion for summary judgment. A similar argument as to relevance and admissibility of the evidence applies at trial. "While generally '[a]ctions by nondecisionmakers cannot alone prove pretext,' **nondecisionmakers statements can provide 'relevant circumstantial evidence of pretext' in retaliation claims.**" (Memorandum Opinion, Docket Entry No. 58, Page ID# 845, relying on *EEOC v. Ford Motor Co.*, 782 F.3d 753, 768, 785 (6th Cir. 2015) (emphasis supplied). Halterman signed Plaintiff's notice of suspension on April 25, 2015. (*Id*.).

Halterman was involved in a review of Plaintiff's job performance for several months prior to her termination, where she generally received good evaluations. (*Id*. at 846). A jury should be allowed to consider the various write-ups leading up to the termination as evidence of pretext for terminating Plaintiff based on reporting sexual harassment against Caffey, and essentially going over Halterman's head to corporate in reporting the harassment. *See Olmstead v. Taco Bell Corp.*, 141 F.3d 1457, 1460-1461 (11th Cir. 1998) (jury allowed to infer that ultimate decisionmaker had knowledge of protected activity when others involved in the decision to terminate had such knowledge, including proof of employee consultation memorandum plaintiff received in June 1993 leading up to his termination on July 27, 1993). *Also see Bryant v. District of Columbia*, 102 A.3d 264, 269 (D.C. 2014) (proper for the jury to consider proof of retaliation by immediate and second level manager, but not the ultimate decisionmaker,

including evidence that sexual harassment was a topic of discussion at the facility, plaintiff escorted the legal team on a tour of the facility, and plaintiff told his managers and lawyers he planned to testify truthfully).

Essentially, Levy wants to put this case in a box that it terminated "Plaintiff's employment for bullying and recording others in the workplace…" (Levy's Motion in Limine, Page ID# 898), without allowing any competing evidence of retaliation based on her claims of sexual harassment about Jacob Caffey. There is credible evidence for a jury to consider that Tim Halterman started a paper trail of write-ups and other abuse based on false allegations and half-truths which ultimately lead to Plaintiff's suspension and termination. The jury should be allowed to consider this evidence and decide who is telling the truth, and can do that only if allowed to consider the evidence.

**DE 65 – H.** Plaintiff's objects to Levy's motion in limine to exclude the Court from considering an award of front pay, in lieu of reinstatement, because such an award is too speculative or because Plaintiff does not have an economist, or other expert to calculate the amount of front pay.

First of all, Plaintiff Bruce wants to be reinstated to her former position as suite attendant at Bridgestone Arena in the event Levy's is found liable of retaliation under Title VII. Defendant has admitted in this filing that many of the employees who bore some animosity toward the Plaintiff in 2015 have left the company, and no longer work for Levy's at Bridgestone. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 619 (11th Cir. 2000) (reinstatement is the preferred remedy to compensate plaintiffs for future damages because it makes plaintiffs whole by returning them to the jobs they held prior to the adverse action.).

In the event reinstatement is not available because there is no suite attendant position available at Bridgestone, Plaintiff requests an appropriate award of front pay, but that amount would only be necessary from the date of judgment to reinstatement. "Front pay" is simply money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement. *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846, 121 S.Ct. 1946, 1948 (2001). Only in the event that reinstatement of the Plaintiff is not feasible would she request front pay as a substitute for the employment. *See* i*d.* *Patterson v. American Tobacco Co.*, 535 F.2d 257, 268-269 (4th Cir. 1976) (front pay appropriate when reinstatement is no longer an option because the job position in not available). The employer-employee relationship may have deteriorated because of the litigation to the point that reinstatement is no longer an option, in which case front pay is appropriate. *See Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 728 (2nd Cir. 1984, citing *Hoffman v. Nissan Motor Corp. in U.S.A.*, 511 F.Supp. 352, 355 (D.N.H. 1981).

Finally, Defendant Levy asserts that an award of front pay should be excluded in this action because Plaintiff does not have an expert. Defendant relies on *Arban v. West Publishing Corp.*, 345 F.3d 390 (6th Cir. 2003). *Arban* does not stand for the proposition that a plaintiff must have an expert to pursue an award of front pay, but simply outlines the factors necessary to prove such an award. *See Arban*, 345 F.3d at 407 ("Arban's evidence regarding front pay was purely speculative."). "Ultimately, the question to be answered is whether front pay damages are needed in a particular case to make the plaintiff whole." *Id.* at 406.

Plaintiff requests the Court deny Levy's motion as to front pay, or at least reserve ruling on the motion until the conclusion of the case.

THE LAW OFFICE OF DAVID L. COOPER, PC

s/ David L. Cooper
**DAVID L. COOPER,** BPR #11445
208 Third Avenue North, Suite 300
Nashville, TN 37201
Phone: (615) 256-1008
Email: dcooper@cooperlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing **Plaintiff's Response to Defendant's Motion in Limine** has been delivered by electronic transmission through the CM/ECF system to **Courtney Leyes, Esq. and Steven Cupp**, FISHER & PHILLIPS, LLP, 1715 Aaron Brenner Drive, Suite 312, Memphis, TN 38120 on this 19th day of February 2019.

s/ David L. Cooper
**DAVID L. COOPER**